UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATHAN PEACHEY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:24-CV-04116-KES<br><br><br>ORDER DENYING MOTION TO RECUSE |

Plaintiff, Nathan Peachey, moves this court to recuse itself. Dockets 13, 23. Peachy alleges that the court is biased and involved in a conspiracy working against him. *See generally id.* Because of this, Peachey claims the court should recuse itself from his 28 U.S.C. § 2255 claim. *Id.*

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson,* 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Faul,* 748 F.2d at 1211 (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Even assuming Peachey's motion meets the legal definition of an affidavit, it is factually insufficient. In order to succeed on a personal bias claim, the petitioner must allege specific facts, not mere conclusions or generalities. *See Alexander v. Medtronic, Inc.,* 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012). Peachey, however, does not include any such facts. His motion consists almost entirely of generalized conclusions and allegations that the court is engaged in a conspiracy against him. *See* Dockets 13, 23. To the extent that Peachey's affidavit includes factual allegations, they do not rise above the level of conclusions and generalities.

Peachey also indicates recusal is necessary under 28 U.S.C. § 455(a), which requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher*, 323 F.3d at 664 (citation omitted).

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges. . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302

2

(8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the [c]ourt has lost its impartiality. This question must be answered 'in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases,* 680 F.2d 1175, 1184 (8th Cir. 1982).

Applying the foregoing principles here, the court finds that Peachey has not met his burden to demonstrate recusal is appropriate. Peachey's claims are generalized and offer no insight as to how the court's statements and evidentiary decisions at his trial impact the court's ability to remain unbiased. Even if the court did commit an error, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. Thus, it is

ORDERED that plaintiff's motions to recuse (Docket 13 & Docket 23) are denied.

DATED October 2, 2024.

                                              BY THE COURT:

                                              */s/ Karen E. Schreier*
                                              KAREN E. SCHREIER
                                              UNITED STATES DISTRICT JUDGE