UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATHAN PEACHEY, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 4:24-CV-04116-KES <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

Movant, Nathan Peachey, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The United States moved to dismiss Peachey's motion for failure to state a claim. Docket 67. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and D.S.D. L.R. 72.1.A.2(b). On May 22, 2025, Magistrate Judge Duffy submitted her report and recommended granting the government's motion to dismiss in its entirety. Docket 91. Magistrate Judge Duffy also recommended denying Peachy's motion to vacate and denying any of his remaining motions as moot. *Id.* at 29-30. The United States did not object to the report and recommendation. Docket 94. Peachey filed several notices, but did not identify any of these filings as objections to the report and recommendation. *See* Docket 95 (Notice of Constitutional Questions); Docket 99 (Miscellaneous Submission); Docket 100 (Notice of Immediate Suspension of 2255 Civil Suit). The court issues the following order.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting a de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## REVIEW OF REPORT AND RECOMMENDATION

In her report and recommendation, Magistrate Judge Duffy addressed Peachey's 16 grounds for relief raised in his initial motion and conducted a relation back analysis on any new claims raised in his amended § 2255 motion. *See* Docket 91 at 5-6. After a thorough review of Peachey's numerous filings, Magistrate Judge Duffy recommended denying Peachey's motion, reasoning that none of the grounds Peachey raised warranted habeas relief. *See id.* at 7-30.

Peachey did not expressly file specific objections to the magistrate judge's report and recommendation. Despite requesting and receiving additional time to file objections, *see* Docket 97 (motion to extend time to file objections); Docket 98 (order granting motion to extend), Peachey filed three notices after the report and recommendation, *see* Docket 95 (Notice of Constitutional Questions); Docket 99 (Miscellaneous Submission); Docket 100 (Notice of Immediate Suspension of § 2255 Civil Suit). Because one of these notices was previously filed and considered by the magistrate judge, *see* Docket 99 (providing that it was previously filed as Docket 84), the court will only address any possible objections found in Peachey's two other notices, *see* Dockets 95 and 100.

Peachey's notice of constitutional questions deals with purported issues with this court's jurisdiction over him. For example, Peachey argues that because "the United States" and "the United States of America" are separate entities and because "[t]here is no Act of Congress where with [sic] the 'United States of America' has jurisdiction to prosecute criminal laws against defendants in the United States district courts," Docket 95 at 9-10, this court did not have jurisdiction to adjudicate the prosecution against him.[1] Peachey also argues that he should have been charged in Pennsylvania rather than South Dakota because he committed the crimes he was convicted of in Pennsylvania and not South Dakota. Docket 95 at 14-23. He also argues that because 18 U.S.C. § 1343 is a "penalty-sanction for punitive purposes only on common law actions," the statute cannot be "made a crime against a public law." *Id.* at 42; *see also id.* at 31-43 (making various arguments challenging the constitutionality of criminal prosecutions and convictions under 18 U.S.C. § 1343). And he makes similar arguments regarding 18 U.S.C. § 1349. *See id.* at 46-53.

---

[1] Peachey raises similar arguments in his motion to abate defense counsel. *See generally* Docket 96. In his motion, Peachey requests a "writ of Abatement against defense counsel Kevin Koliner to immediately withdraw his unlawful and unconstitutional Attorney representation of the 'United States of America.' " *Id.* at 16. Peachey argues this relief is warranted because Koliner, who Peachey mistakenly identifies as defense counsel, misrepresented the United States as "the United States of America." *See id.* at 3-4. But as Magistrate Judge Duffy explained in her report and recommendation, this "argument is procedurally defaulted and frivolous" and several courts have routinely rejected litigants' attempts to draw a distinction between "the United States" and "the United States of America." Docket 91 at 25; *see also United States v. Mooney*, 2018 WL 902267, at *2 (D. Minn. Feb. 15, 2018) (collecting cases where such an argument "has been raised and rejected repeatedly . . . throughout the federal courts"). Thus, Peachey's motion to abate defense counsel is denied.

Similarly, Peachey claims in his notice of immediate suspension of the § 2255 civil suit that the United States and the United States of America are distinct entities. *See* Docket 100 at 4. Peachey appears to raise sufficiency of the evidence and actual innocence arguments, asserting that he "did not ever commit a crime and none of the actions were even close to conspiracy or intending to defraud." *Id.* at 6, 8-9. Peachey takes issues with the court's filing of his § 2255 motion as a separate civil action with its own docket number. *Id.* at 7-10. And Peachey argues that because filing his § 2255 motion in a separate civil action is improper, the United States' motion to dismiss and the magistrate judge's report and recommendation does not apply to his § 2255 motion. *Id.* at 10. For these reasons, Peachey requests that the court either "immediately set a hearing and find the facts that [Peachey] claimed and make conclusion of law accordingly," or suspend his § 2255 suit. *Id.*

Except for Peachey's argument that the court improperly filed his § 2255 motion as a separate civil action, Magistrate Judge Duffy addressed and rejected all of Peachey's arguments in her report and recommendation. *See* Docket 91 at 11-12, 23 (rejecting Peachey's claims of actual innocence); *id.* at 17-18 (rejecting Peachey's sufficiency of the evidence arguments); *id.* at 13-14 (finding Peachey's arguments that this court did not have jurisdiction because he did not commit the crimes in South Dakota to be procedurally defaulted); *id.* at 20-22 (rejecting Peachey's claim that 18 U.S.C. § 1349 is merely a penalty provision); *id.* at 25 (rejecting Peachey's arguments that the district court lacked jurisdiction to adjudicate his underlying criminal case and rejecting Peachey's argument that the United States of America did not have standing to bring a criminal action against

4

him). After a comprehensive review, the court finds that Peachey's arguments are without merit. Magistrate Judge Duffy provided a full factual background in her report and recommendation, thoroughly reviewed his numerous claims, the evidence submitted, and the governing law. *See* Docket 91. Her conclusions and recommendation to dismiss Peachey's § 2255 motion without an evidentiary hearing are sound. The court finds that Peachey's contentions in his § 2255 motion and his filed notices "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *See Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (citation omitted).

As to Peachey's argument that this court improperly filed his § 2255 motion as a separate civil action, the court finds Peachey's argument unpersuasive. A motion under 28 U.S.C. § 2255 is the proper procedural vehicle for a federal prisoner to collaterally attack the validity of his conviction or sentence. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Although § 2255 proceedings arise from a criminal judgment, *see United States v. Thomas*, 713 F.3d 165, 172-74 (3d Cir. 2013) (explaining that § 2255 proceedings, while civil in some respects, are a continuation of the underlying criminal case), they are governed by their own statutory and procedural framework, *see United States v. Addonizio*, 442 U.S. 178, 185-86 (1979) (explaining that § 2255 is a distinct statutory post-conviction remedy with defined scope and limitations and does not encompass all claimed errors in conviction or sentencing); *Brown v. United States*, 748 F.3d 1045, 1061 (11th Cir. 2014) (stating that "§ 2255 motions are distinct procedural avenues for federal prisoners who seek to challenge only their convictions or sentences.").

Nothing in § 2255 or the governing rules requires that such claims be litigated exclusively within the criminal case, and a movant may not circumvent that framework by attempting to repackage a collateral attack as a motion in the underlying criminal proceeding. *See United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005) (per curiam) (reiterating that a motion attacking the validity of a conviction or sentence must be treated as a § 2255 motion regardless of how it is styled).

Thus, to the extent Peachey seeks to avoid the requirements applicable to § 2255 proceedings by recasting his arguments as motions in his underlying criminal case or by arguing that the United States' motion to dismiss and the magistrate judge's report and recommendation do not apply to his § 2255 motion, that approach is improper. To the contrary, § 2255 is specifically designed to provide a structured mechanism for raising such challenges, subject to the procedural rules governing collateral review. *See United States v. Hayman*, 342 U.S. 205, 219 (1952); *Addonizio*, 442 U.S. at 185 (explaining that § 2255 was enacted "to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court."). And as explained above, courts routinely reject efforts to circumvent § 2255's procedural framework by relabeling collateral attacks. *E.g.*, *Lambros*, 404 F.3d at 1036. Because Peachey's claims challenge the validity of his conviction or sentence, they must be brought, if at all, through a § 2255 motion. Thus, the court concludes that Peachey has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, Peachey has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Based on the foregoing, it is ORDERED:

1. That the report and recommendation (Docket 91) is adopted in full.

2. That the United States' motion to dismiss (Docket 67) is granted.

3. That Peachey's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

4. That a certificate of appealability is denied.

5. That Peachey's motion to abate defense counsel (Docket 96) is denied.

6.  That Peachey's motions at Docket 11 (motion for discovery), Docket 17 (motion for discovery), Docket 31 (motion to join respondent), Docket 38 (motion to correct FRP records), Docket 53 (motion for discovery), Docket 64 (motion for release pending resolution of § 2255 motion), Docket 69 (motion for hearing), Docket 71 (motion for discovery), Docket 76 (motion for declaration), Docket 79 (motion for discovery) are denied as moot.

Dated May 12, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE